**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PARSHOTAM SINGH CHAHIL, Ph.D.,
Plaintiff-Appellant,

v.

No. 96-2818

SECRETARY OF AGRICULTURE, United
States Department of Agriculture,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake and Peter J. Messitte, District Judges.
(CA-94-3201-CCB)

Submitted: September 9, 1997

Decided: October 7, 1997

Before HALL, NIEMEYER, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Daniel M. Press, Philip Chung, Russell B. Adams III, CHUNG &
PRESS, P.C., McLean, Virginia, for Appellant. Lynne A. Battaglia,
United States Attorney, Allen F. Loucks, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Parshotam Singh Chahil appeals from a district court order granting the Defendant's motion for summary judgment and dismissing Chahil's complaint alleging unlawful employment discrimination. Chahil raises six issues on appeal: (1) whether the district court applied the appropriate standard of review in granting summary judgment; (2) whether the district court erred by finding some of his claims time-barred and others as not raised in his administrative complaints; (3) whether he presented evidence showing that he was the victim of adverse employment actions; (4) whether he presented direct evidence of unlawful employment discrimination; (5) whether he presented sufficient evidence to show that the Defendant's reasons for its actions were pretextual; and (6) whether the Defendant provided reasonable accommodation for his disability. Finding no reversible error, we affirm.

Chahil, who has a Ph.D. in statistics, worked for the Human Nutrition Information Service, an agency of the United States Department of Agriculture ("USDA"), from 1984 until 1994, when the agency was disbanded. In 1985, Chahil developed a severe cornea problem, which required numerous surgeries in both eyes, and glaucoma. These maladies rendered Chahil legally blind and unable to read without using a magnifying device.

In 1992, Chahil filed the first of six formal EEO complaints with the USDA's EEO office alleging that his supervisors were hostile toward him and blocked his advancement; that the agency would not remove the supervisors; that his supervisors "killed" his independent research project; that he was not included in a rotating supervisor program; that he was moved out of his private office and into a smoke-filled secretarial bay; and that he was forced to use printers on another floor. Chahil asserted that these actions were the result of unlawful

2

discrimination based on his disability. The agency investigated Chahil's claims and issued a right to sue letter.

Chahil filed a timely complaint in district court, alleging that every one of his supervisors since 1985 discriminated against him based on his disability, race, national origin, and religion. Chahil also alleged that the Defendant failed to accommodate his disability and that his supervisors retaliated against him for filing formal and informal EEO complaints.* After extensive discovery, the Defendant filed a motion for summary judgment, which the court granted.

After considering the parties' briefs and joint appendix, we affirm for the reasons stated in the district court's thorough opinion. See Chahil v. Secretary of Agric., No. CA-94-3201-CCB (D. Md. Oct. 17, 1996). We reject Chahil's assertion that the district court made an improper credibility determination in granting summary judgment. After the Defendant gave a legitimate, non-discriminatory reason for its actions, Chahil bore the burden of showing that the reason was a pretext for illegal discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). The district court properly found that Chahil's personal speculations standing alone were insufficient to satisfy this burden. See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 960-61 (4th Cir. 1996). We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED
_____

*Chahil does not appeal the district court's grant of summary judgment on the retaliation claims.

3